| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |  |
|---|---|---|
| MICHAEL CRAWFORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | CIVIL ACTION NO. 9:20-CV-20 |
| | § | |
| | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Michael Crawford, an inmate currently confined at the Hughes Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Jeanette Harden.[1]

The court has received and considered the Report and Recommendation of the magistrate judge filed pursuant to such order, along with the record, and pleadings (#67). Plaintiff filed objections to the Report and Recommendation (#74). This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

The magistrate judge recommended granting Defendant Harden's motion for summary judgment as to Plaintiff's claims of deliberate indifference to his serious medical needs. In his

---

[1] Plaintiff's claims against Defendants TDCJ, UTMB, Warden Michael J. Butcher, Senior Practice Manager Anitra Lindley, former Facility Medical Director James Geddes, Mental Health Clinician Anthony Freeman, Sergeant of Correctional Officers Ricardo Villafuerta, Correctional Officer IV Kimberly Williams, and Unit Grievance Investigator III Ashley L. Stephenson were dismissed on October 21, 2022, for failure to state a claim and as frivolous (#s 43 & 44).

objections, Plaintiff asks the court to consider his affidavit (#69) and exhibits (#68) filed in response to Defendant Harden's motion for summary judgment. Plaintiff argues he has created a genuine dispute of material fact as he believes the evidence demonstrates Defendant Harden denied him a "fair suicide risk assessment." Plaintiff also disagrees with the medical expert affidavit of Nubia Lluberes, MD, CCHIP-MH, FAPA provided by Defendant Harden in support of her motion for summary judgment.

First, contrary to Plaintiff's belief, the magistrate judge did not rely on the affidavit of Dr. Lluberes. Nowhere in the Report and Recommendation is the affidavit cited; all references are to the medical records attached in support of the motion for summary judgment which were also used by Plaintiff in his response. This objection has no merit.

With respect to Plaintiff's argument that Defendant Harden denied him a "fair suicide risk assessment," Plaintiff's affidavit and exhibits still fail to create a genuine dispute of material fact as to deliberate indifference. As outlined by the magistrate judge, Defendant Harden designated Plaintiff as presenting at a baseline risk for suicide after each encounter with him. While Plaintiff disagrees with Defendant Harden's reasoning in making this assessment, the competent summary judgment evidence still demonstrates she did not infer that there was a substantial risk of serious harm to Plaintiff after each encounter.[2] Moreover, Plaintiff's disagreement with his mental health diagnoses and prescribed medication while incarcerated at TDCJ, and to the extent they can properly be considered as within the duties of Defendant Harden as a mental health clinician, are

---

[2] Defendant Harden noted Plaintiff was non-compliant in taking his medication; Plaintiff argues he could not take it due to complications from his Crohn's disease. Defendant Harden noted Plaintiff was location-seeking in light of his repeated disciplinary infractions; Plaintiff argues he was distressed because his brother was murdered.

2

insufficient to establish deliberate indifference.[3] The failure to properly diagnose or inadequately treat an inmate's mental conditions does not generally rise to the level of deliberate indifference. *Young v. McCain*, 760 F. App'x 251, 256-57 (5th Cir. 2019) (finding no deliberate indifference where plaintiff alleged defendants were aware he was "suicidal;" downgraded him from extreme to standard suicide watch, "which allowed him to harm himself;" and permitted a psychiatrist to meet with him "only briefly via videoconferencing"); *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 755-56 (5th Cir. 2001) (finding no deliberate indifference where evidence showed defendants "were monitoring [the inmate's] condition," had "scheduled counseling sessions" with him, and the inmate's threat of suicide was "said all the time [and] wasn't new."). Regardless of the damages Plaintiff now seeks against Defendant Harden, Plaintiff still must plead more than gross negligence in treating his mental health problems.[4] *Young*, 760 F. App'x at 256. As Plaintiff has failed to establish a constitutional violation, Defendant Harden's entitlement to qualified immunity remains intact. Plaintiff's objections are overruled.

To the extent Plaintiff seeks to reassert claims through the Americans with Disabilities Act, these claims were already dismissed on October 21, 2022, and will not be reconsidered here.

Also pending are Plaintiff's Motion for Leave to File Supplemental Complaint and proposed Amended Supplemental Complaint (#s 70 & 71) and Plaintiff's Seventh Motion to

---

[3] Plaintiff provides copies of his medical records while detained at the Denton County MHMR Center in 2014. At that time, Plaintiff was diagnosed with bipolar and anxiety disorder. Although less than clear, it appears Plaintiff disagrees with his diagnoses and treatment for PTSD while incarcerated at TDCJ. The court notes these records are not accompanied with a business records affidavit. In any event, this evidence pertains to Plaintiff's disagreement with his mental health treatment and care while incarcerated at TDCJ, which is insufficient to establish deliberate indifference. *Young,* 760 F. App'x at 256-57.

[4] Plaintiff objects to the magistrate judge's determination as to the damages he seeks.

3

Appoint Counsel (#72). As to the former, Plaintiff continues to assert the same claims against Defendant Harden, but then adds claims against Defendant Garrett for confiscating his medical footwear in October 2021, two years after the incidents at issue in this suit. As these new claims do not relate to the same transaction or occurrence, Plaintiff's Motion for Leave to File Supplemental Complaint is denied. Plaintiff is free to file a separate civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Garrett. Plaintiff is admonished that he will be responsible for a separate filing fee of $402.00 relating to that claim.

Finally, Plaintiff has filed six prior motions to appoint counsel in this case, all denied by the magistrate judge. Plaintiff's seventh motion now pending before this court is denied for the same reasons. Although Plaintiff is undergoing mental health treatment, Plaintiff has adequately pleaded his case, even citing to case law and statutes where relevant, and properly responded to Defendant Harden's motion for summary judgment with an affidavit and exhibits. Plaintiff has not been hindered by the lack of appointed counsel.

## ORDER

Accordingly, Plaintiff objections (#74) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the reports of the magistrate judge are **ADOPTED**. A final judgment will be entered in accordance with the recommendation of the magistrate judge. Plaintiff's Motion for Leave to File a Supplemental Complaint (#7) and Motion to Appoint Counsel (#72) are **DENIED**.

SIGNED at Beaumont, Texas, this 15th day of March, 2023.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE